UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | ) </br> ) </br> ) |
| v. | )    C.A. No. 1:13-cr-00010-MSM-LDA </br> ) |
| JUAN SANTIAGO | ) </br> ) |

MEMORANDUM AND ORDER

Mary S. McElroy, United States District Judge.

Defendant Juan Santiago, who is not represented by counsel, seeks a reduction to his custodial sentence under 18 U.S.C. §§ 3582(c)(1)(A) and (c)(2).

Section 3582(c)(1)(A) permits a court to reduce a term of imprisonment where certain conditions are met and "extraordinary and compelling reasons warrant" such relief. 18 U.S.C. § 3582(c)(1)(A)(i). The government objects to the motion on two grounds: first, that the circumstances presented by the defendant do not present extraordinary and compelling reasons to reduce his sentence; and second, that a reduction is not appropriate under the sentencing factors set forth in 18 U.S.C. § 3553(a). (ECF No. 56.)

## I. BACKGROUND

Mr. Santiago pleaded guilty to a single-count information charging him with production of child pornography in violation of 18 U.S.C. §§ 2251(c)(1), (c)(2)(B), and (e). (ECF No. 15.) On December 20, 2013, the Court imposed the mandatory

minimum sentence of 180 months incarceration, to be followed by lifetime supervised release. (ECF No. 38.)

Mr. Santiago is incarcerated at the Federal Medical Center, Devens ("FMC Devens"). According to the Bureau of Prisons ("BOP"), his projected release date is September 30, 2025. *See* BOP Inmate Locator, http://www.bop.gov/inmateloc/ (last visited June 4, 2024).

Mr. Santiago submitted a first request for compassionate release to the warden of FMC Devens in January 2021, claiming that his mother was medically debilitated, that she had recently been infected by the novel coronavirus, that she was unable to care for herself, and that he was her only available caregiver. (ECF No. 56-1.) This request was denied. *Id.* A second request to the warden, again stating that he was the only available caretaker for his mother, was denied on December 7, 2023. (ECF No. 54-1.) He filed the instant motion on January 31, 2024. (ECF No. 54.)

## II.   STANDARD OF REVIEW

Under 18 U.S.C. § 3582(c)(1)(A) and U.S.S.G. § 1B1.13, after a defendant has exhausted the BOP's administrative process for requesting compassionate release (or thirty days have lapsed without a decision), a district court may reduce the defendant's term of incarceration if it determines that: (1) "extraordinary and compelling reasons warrant a sentence reduction," (2) "such a reduction is consistent with any applicable policy statements issued by the [United States] Sentencing Commission" ("Sentencing Commission"), and (3) "consideration of the 18 U.S.C.

§ 3553(a) factors counsels in favor of a reduction." *United States v. Quirós-Morales*, 83 F.4th 79, 84 (1st Cir. 2023) (citing 18 U.S.C. § 3582(c)(1)(A)(i)).

## III. DISCUSSION

The government concedes that Mr. Santiago has met the § 3582(c)(1)(A)'s exhaustion requirement. (ECF No. 56 at 2.) The Court therefore proceeds to the merits of the motion.

### A. Section 3582(c)(1)(A)

#### a. Extraordinary and Compelling Reasons

"The role of the District Court in assessing compassionate release motions is to determine whether 'the defendant's situation constitutes the type of extreme hardship that the compassionate-release statute is designed to ameliorate.'" *United States v. Fabian*, C.R. No. 21-00054-MSM-LDA, 2023 WL 8449453, at *2 (D.R.I. Dec. 6, 2023) (quoting *United States v. Saccoccia*, 10 F.4th 1, 4 (1st Cir. 2021)) (internal quotations omitted). "The defendant carries the burden on a motion for compassionate release." *Id.* (citing *United States v. Miamen*, Cr. No. 18-130-1 WES, 2020 WL 1904490, at *2 (D.R.I. Apr. 17, 2020)).

"Whether a defendant's circumstances are 'extraordinary and compelling' is 'guided by the plain meaning of those terms[.]'" *Quirós-Morales*, 83 F.4th at 84 (quoting *United States v. Canales-Ramos*, 19 F.4th 561, 566 (1st Cir. 2021)). The Court is also required to "take heed of" the Sentencing Commission's relevant policy statement, *see* U.S.S.G. § 1B1.13, "when determining whether an individual meets

3

the statute's requirements for such relief." *United States v. Rivera-Rodríguez*, 75 F.4th 1, 18 n.22 (1st Cir. 2023).

That policy statement lists "incapacitation of the defendant's parent when the defendant would be the only available caregiver" as one such "extraordinary and compelling" reason. U.S.S.G. § 1B1.13 (b)(3)(C). This is Mr. Santiago's proffered basis for relief.

Mr. Santiago claims that his mother is seventy-five years old and that she suffers from obesity, diabetes, arthritis, hypertension, and liver disease. (ECF No. 54.) Even assuming, without deciding, that Mr. Santiago's mother is incapacitated, he has not met his burden of showing that he is her only available caregiver. However commendable, a "defendant's mere desire to care for a vulnerable family member does not qualify as an extraordinary and compelling family circumstance when the defendant is not the only available caretaker." *United States v. Taveras*, Cr. No. 4:19-cr-40049-MRG-5, 2024 WL 1606013, at *4 (D. Mass. Apr. 12, 2024).

Mr. Santiago's motion for compassionate release and his second request to the warden reference living siblings, as well as aunts and uncles who he cites as his "support system in the community[.]" (ECF No. 54 and 54-1.) The only explanation provided for why these family members cannot care for his mother is the conclusory statement that his siblings are "incapable of supporting [her] daily needs…." (ECF No. 54.) "Without more evidence" from Mr. Santiago, "the Court cannot find that these other family members are unable to provide adequate care." *United States v.*

4

*Figuaroa-Gibson*, Crim. No. 16-802 (RAM), 2024 WL 376432, at *6 (D.P.R. Jan. 31, 2024).

Additionally, while Mr. Santiago's programming and rehabilitation efforts merit praise, Congress has indicated that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason."  28 U.S.C. § 994(t).  The Court concludes that Mr. Santiago has not shown an extraordinary and compelling reason warranting a sentencing reduction.

### b. Section 3553(a) Factors

"The Court, having found that extraordinary and compelling circumstances do not exist, is not required to go further in its analysis.  However, it is mindful of the First Circuit's admonition that appellate review is made easier when 'the district court takes the additional step['] of reviewing the appropriate [18 U.S.C.] § 3553(a) factors" at this juncture.  *Fabian*, 2023 WL 8449453, at *3 (quoting *United States v. Texeira-Nieves*, 23 F.4th 48, 52 (1st Cir. 2022)).  The Court finds that the § 3553(a) factors support a denial of Mr. Santiago's request for compassionate release.

"[C]ompassionate release motions should not devolve into satellite sentencing hearings."  *Saccoccia*, 10 F.4th at 10.  Moreover, "a district court, when conducting a [§] 3553(a) analysis, need not tick off each and every factor in a mechanical sequence."  *Id.* (citing *United States v. Dixon*, 449 F.3d 194, 205 (1st Cir. 2006)).  Mr. Santiago's admitted offense conduct involved not only remote, online-only enticement and recording of minors engaged in sexual conduct, but the in-person sexual abuse of an eleven-year-old child.  (ECF No. 32-1 at 22-25.)  Recording "contact" sexual abuse of

5

a minor is a particularly serious form of production offense and distinguishes Mr. Santiago's conduct from that of many other defendants convicted under the same statute. He nevertheless received the minimum sentence available at law. The § 3553(a) factors, particularly protection of the public and the need to reflect the seriousness of the offense, counsel against reducing Mr. Santiago's sentence.

### B. Section 3582(c)(2)

Mr. Santiago posits that his term of incarceration must be reduced because he had zero criminal history points at the time of his sentencing. (ECF No. 54.)

District courts "may not modify a term of imprisonment once it has been imposed…" 18 U.S.C. § 3582(c). Section 3582(c)(2) establishes an exception for some defendants whose custodial sentences were "based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)[.]" 18 U.S.C. § 3582(c)(2).

Under Amendment 821 to the United States Sentencing Guidelines ("Guidelines"), certain defendants with zero criminal history points may receive a two-level reduction of their Guidelines offense level. *See* U.S.S.G §§ 4C1.1 and 1B1.10(d) (making the relevant provision retroactive).

Even if § 4C1.1 were otherwise applicable to Mr. Santiago, he would be ineligible for a sentence reduction under § 3582(c)(2) because he was sentenced to the statutory mandatory minimum term of imprisonment. *See* U.S.S.G § 5G1.1(b) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be

6

the guideline sentence."); U.S.S.G. § 1B1.10 cmt. n.1(A) ("[A] reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3682(c)(2)" if the relevant amendment "does not have the effect of lowering the defendant's applicable guideline range because of the operation of…[a] statutory provision (*e.g.*, a statutory mandatory minimum term of imprisonment).")

## IV. CONCLUSION

For these reasons, Mr. Santiago's Motion for Reduction of Sentence (ECF No. 54) is DENIED.

IT IS SO ORDERED,

_____
Mary S. McElroy
United States District Judge

June 10, 2024